DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:20-cr-0038 |
| ) | |
| **NATASHA SEETARAM,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

**BEFORE THE COURT** is Defendant Natasha Seetaram's ("Seetaram") Motion to Allow Appearance Via Videoconference, (ECF No. 53), requesting that the Court conduct her sentencing in this matter by video conferencing.

On October 22, 2020, the United States filed a fifty-nine count indictment, charging Seetaram with offenses stemming from the fraudulent use of bank cards between April 10, 2018 and October 2019. On March 2, 2021, Seetaram pleaded guilty to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 1344(2). Sentencing was initially scheduled for August 13, 2021, and subsequently rescheduled to September 9, 2021.

Seetaram filed a motion requesting that the Court set her sentencing hearing via video teleconferencing on September 1, 2021. (ECF No. 53.) In support of her motion, Seetaram asserts that her indigency precludes her ability to incur additional expenses resulting from further changes to her travel dates. *See* ECF No. 53 at 1. Seetaram cites "numerous requests . . . to appear via videoconference due to indigency." *Id.*

Federal Rule of Criminal Procedure 43 requires that a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Nevertheless, in light of the COVID-19 pandemic, Congress recently provided certain circumstances under which a sentencing may be conducted by video teleconference. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act

*United States v. Seetaram*
Case No. 3:20-cr-0038
Order
Page **2** of **3**

authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally;" (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety;" and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2).

The Court finds that Seetaram has failed to provide a sufficient reason that her sentencing "cannot be further delayed without serious harm to the interests of justice." *Id.* While Seetaram may incur fees for changing her travel dates, any such expenses can be avoided by simply filing another motion pursuant to 18 U.S.C. § 1428 for the Court's consideration.[1] Moreover, there is no indication that Seetaram has consented to appearing via VTC at her sentencing hearing.

The premises considered, it is hereby

**ORDERED** that Seetaram's Motion to Allow Appearance Via Videoconference (ECF No. 53) is **DENIED**; and it is further

---

[1] On November 18, 2020, Seetaram filed a motion to allow her to appear via videoconference for her initial appearance and arraignment. (ECF No. 8). The Court granted this motion. (ECF No. 9). On March 2, 2021, Seetaram filed an additional motion requesting that she be allowed to appear for her Change of Plea via videoconference. (ECF No. 22). Seetaram subsequently filed a motion pursuant to 18 U.S.C. § 1428 to authorize U.S. Marshal to pay for her travel expenses to appear for her change of plea hearing. (ECF No. 24). The Court granted the motion to authorize U.S. Marshal to pay for her travel expenses, ECF No. 27, and denied the motion to appear via videoconference as moot. (ECF No. 26).

   **ORDERED** that a sentencing hearing in this matter is **RESCHEDULED** to commence promptly at 10:00 A.M. on October 19, 2021, in Courtroom No. 1.

**Date:** September 8, 2021             */s/ Robert A. Molloy*
                                  **ROBERT A. MOLLOY**
                                  **Chief Judge**